UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LAYOUNDA HUTCHINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-01749-JPH-MG |
| | ) | |
| RIGHT PLACE AUTO SALES LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Ms. Hutchins has sued Right Place Auto Sales for "s[elling] her a hazardous vehicle." Dkt. 1 at 5. She seeks $30,000 in damages. *Id.* Ms. Hutchins has also filed a motion to proceed *in forma pauperis*. Dkt. [2].

## I. Motion to Proceed *In Forma Pauperis*

Ms. Hutchins' motion to proceed *in forma pauperis*, dkt. [2], is **GRANTED**. While *in forma pauperis* status allows Ms. Hutchins to proceed without prepaying the filing fee, she remains liable for the full fees. *Ross v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees.). No payment is due at this time.

## II. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 658 U.S. 251, 256 (2016). To hear and rule on the merits of a case, a federal "court

1

must have the power to decide the claim before it (subject-matter jurisdiction)." *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 562 (2017). "The party asserting federal jurisdiction bears the burden of demonstrating its existence." *Farnik v. F.D.I.C.*, 707 F.3d 717, 721 (7th Cir. 2013). And "[i]f the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[F]ederal courts are obligated to inquire into the existence of jurisdiction sua sponte.")

The Court does not appear to have jurisdiction over this case. The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim arising under the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citations and quotation omitted).

Ms. Hutchins' complaint alleges that Defendant sold her a hazardous vehicle and indicates that the basis for jurisdiction is federal question. However, Ms. Hutchins has not demonstrated that her claim "aris[es] under the Constitution or the laws of the United States." *Id.* While her allegations might be understood to allege state law claims, there is no allegation of conduct which could support the existence of federal question jurisdiction.

### III. Conclusion

Because Ms. Hutchins has not demonstrated subject-matter jurisdiction, her complaint must be **dismissed**. She shall have **through July 23, 2021**, in which to show cause why this action should not be dismissed for lack of subject-matter jurisdiction. If she fails to respond by this date, the Court will dismiss this case without prejudice.

**SO ORDERED.**

Date: 6/30/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LAYOUNDA HUTCHINS
4056 Arthington Blvd.
Indianapolis, IN 46226